IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMON LEVI HUNTER,

    Plaintiff,

    v.                                CASE NO. 18-3123-SAC

RENO COUNTY, KANSAS, and
STATE OF KANSAS,

    Defendants.

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Raymon Levi Hunter is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. The Court assessed an initial partial filing fee of $13.50 and granted Plaintiff fourteen days from receipt of the Court's July 3, 2018 Order (Doc. 6) to pay the initial fee. Plaintiff has failed to pay the initial partial filing fee. At the time of filing, Plaintiff was housed at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). Plaintiff gave a change of address, noting that he has been released from the RCCF. (Doc. 5.)

Plaintiff alleges that he was wrongfully incarcerated because he appealed his underlying sentence and he "won" the appeal which was deemed to "vacate the sentence immediately."

(Doc. 1, at 2.) Plaintiff names Reno County, Kansas, and the State of Kansas as Defendants. Plaintiff seeks $1,118,000 in monetary damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

*1. Heck Bar*

In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

At his underlying criminal trial, Plaintiff was acquitted of felony charges but convicted of two misdemeanor charges of violating a protection from abuse order. *See State of Kansas v. Hunter*, No. 113,865, 2017 WL 383384 (Kan. Ct. App. Jan. 27, 2017) (unpublished opinion), *rev. denied* 306 Kan. ___ (August 31, 2017). In April 2015, the district court sentenced him to 24 months in jail but granted him probation for 12 months. At sentencing the State requested the district court apply a domestic violence designation to Plaintiff's convictions based on the facts presented at trial. *See State of Kansas v. Hunter*, No. 117,304, 2017 WL 6062922 (Kan. Ct. App. Dec. 8, 2017). Plaintiff alleges that he appealed and "won" and his sentence was vacated immediately. However, the opinion issued by the Kansas Court of Appeals shows that Plaintiff's conviction and sentence were affirmed, but the portion of the district court's order designating his convictions as domestic violence offenses was vacated. *See State of Kansas v. Hunter*, No. 113,865, 2017 WL 383384, at *1.

Subsequently, the district court revoked Plaintiff's probation and imposed his underlying 24-month sentence. *See State of Kansas v. Hunter*, No. 117,304, 2017 WL 6062922 (Kan. Ct. App. Dec. 8, 2017). Plaintiff appealed the district court's orders of probation revocation. The Kansas Court of Appeals affirmed the probation revocation, finding that "[b]ecause Hunter stipulated to failing to schedule or obtain a domestic violence assessment, the district court did not abuse its discretion in revoking Hunter's probation and imposing his underlying sentence under K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii)." *Id*. at *4.

Plaintiff has failed to show that his conviction and sentence were invalidated. Therefore, Plaintiff must show cause why his Complaint should not be dismissed as barred by *Heck*.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice. Plaintiff is also ordered to pay the initial partial filing fee.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall pay the $13.50 initial partial filing fee by **September 14, 2018.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 14, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 28th day of August, 2018.**

    **S/ Sam A. Crow**
    **Sam A. Crow**
    **U.S. Senior District Judge**