IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RAYMON LEVI HUNTER,

    **Plaintiff,**

    v.                                          CASE NO. 18-3123-SAC

RENO COUNTY, KANSAS, and
STATE OF KANSAS,

    **Defendants.**


## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. At the time of filing, Plaintiff was housed at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). Plaintiff gave a change of address, noting that he has been released from the RCCF. (Doc. 5.)

Plaintiff alleges that he was wrongfully incarcerated because he appealed his underlying sentence and he "won" the appeal which was deemed to "vacate the sentence immediately." (Doc. 1, at 2.) Plaintiff names Reno County, Kansas, and the State of Kansas as Defendants. Plaintiff seeks $1,118,000 in monetary damages.

On August 28, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), ordering Plaintiff to show cause why this case should not be dismissed due to the deficiencies discussed in the MOSC. In the MOSC, the Court notes that in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not

1

cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

At his underlying criminal trial, Plaintiff was acquitted of felony charges but convicted of two misdemeanor charges of violating a protection from abuse order. *See State of Kansas v. Hunter*, No. 113,865, 2017 WL 383384 (Kan. Ct. App. Jan. 27, 2017) (unpublished opinion), *rev. denied* 306 Kan. ___ (August 31, 2017). In April 2015, the district court sentenced him to 24 months in jail but granted him probation for 12 months. At sentencing the State requested the district court apply a domestic violence designation to Plaintiff's convictions based on the facts presented at trial. *See State of Kansas v. Hunter*, No. 117,304, 2017 WL 6062922 (Kan. Ct. App. Dec. 8, 2017). Plaintiff alleges that he appealed and "won" and his sentence was vacated immediately. However, the opinion issued by the Kansas Court of Appeals shows that Plaintiff's conviction and sentence were affirmed, but the portion of the district court's order designating his convictions as domestic violence offenses was vacated. *See State of Kansas v. Hunter*, No. 113,865, 2017 WL 383384, at *1.

Subsequently, the district court revoked Plaintiff's probation and imposed his underlying 24-month sentence. *See State of Kansas v. Hunter*, No. 117,304, 2017 WL 6062922 (Kan. Ct. App. Dec. 8, 2017). Plaintiff appealed the district court's orders of probation revocation. The Kansas Court of Appeals affirmed the probation revocation, finding that "[b]ecause Hunter stipulated to failing to schedule or obtain a domestic violence assessment, the district court did not abuse its discretion in revoking Hunter's probation and imposing his underlying sentence under K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii)." *Id*. at *4.

In the MOSC, the Court found that Plaintiff has failed to show that his conviction and sentence were invalidated. Therefore, Plaintiff must show cause why his Complaint should not

be dismissed as barred by *Heck*. Plaintiff has failed to respond to the Court's MOSC by the Court's deadline.[1] The Court finds that Plaintiff fails to state a claim for relief as set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 21st day of September, 2018.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**

---

[1] Plaintiff has also failed to pay the initial partial filing fee by the Court's September 14, 2018 deadline.